UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-21510-CIV-ALTONAGA

EDWIN PINZON-GALINDO,

       Petitioner,

v.

MIAMI ICE FIELD OFFICE
DIRECTOR, *et al.*,

       Respondents.

_____/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner, Edwin Pinzon-Galindo's Petition for Writ of Habeas Corpus [ECF No. 1], filed on March 6, 2026.  Petitioner challenges his detention at the Krome Detention Center ("Krome") in Miami, Florida without having been afforded an individualized bond determination.  (*See generally id.*).  Respondents filed a Response [ECF No. 4]; Petitioner did not file a reply (*see generally* Dkt.).  The Court has considered the record, the parties' written submissions, and applicable law.  For the following reasons, the Petition is granted in part.

**I.  BACKGROUND**

Petitioner is a Colombian citizen who entered the United States without inspection on February 8, 2024.  (*See* Pet. ¶¶ 2, 8, 21).  On October 27, 2025, law enforcement detained Petitioner following a traffic stop.  (*See id.* ¶¶ 1, 24).  At the time of his arrest, Petitioner had a pending asylum application.  (*See id.* ¶¶ 1, 23).  Sometime after the arrest, Petitioner was transferred to the custody of Respondents.  (*See id.* ¶¶ 1–3, 24–25; *see also generally* Resp.).  Petitioner is detained at Krome and is in removal proceedings.  (*See* Pet. ¶¶ 8, 27).

CASE NO. 26-21510-CIV-ALTONAGA

On December 15, 2025, Petitioner appeared at a custody hearing before the Krome immigration court. (*See* Pet. ¶ 3). An Immigration Judge ("IJ") denied him bond, citing the Board of Immigration Appeals ("BIA") decision of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which held that under the Immigration and Nationality Act ("INA"), IJs have no jurisdiction to hear bond requests by aliens similarly situated to Petitioner. (*See* Pet. ¶¶ 3, 25, 30).

The Petition asserts three claims for relief. (*See generally id.*). In Counts I and II, Petitioner states that his detention without an individualized bond hearing violates his Fifth Amendment due process rights. (*See id.* ¶¶ 49–53). In Count III, Petitioner contends that Respondents' application of 8 U.S.C. section 1225(b)(2) to detain him violates the INA. (*See id.* ¶¶ 54–55).

Respondents' Response is abbreviated and incorporates arguments raised in the opposition brief in a similar case: *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, No. 25-24535-Civ, 2025 WL 2938369 (S.D. Fla. Oct. 15, 2025). (*See* Resp. 5).[1] In *Puga*, respondents argued that the petitioner failed to exhaust administrative remedies, and the petitioner's detention was lawful under 8 U.S.C. section 1225(b)(2)(A). *See Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-cv-24535, Resp. ("*Puga* Resp.") [ECF No. 5] 3–15, filed Oct. 7, 2025 (S.D. Fla. 2025).

## II.  LEGAL STANDARD

District courts have the authority to grant petitions for writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law. *See* 28 U.S.C.

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

§ 2241(c)(3).  The Court's habeas jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.  DISCUSSION

***Administrative Exhaustion.***   Respondents contend Petitioner has not exhausted all available administrative remedies because he has not appealed his case to the BIA.  *See Puga* Resp. 3.  Petitioner recognizes that in *Matter of Yajure Hurtado*, the BIA decided that noncitizens like Petitioner who have resided in the United States without admission are subject to mandatory detention without bond under 8 U.S.C. section 1225(b)(2).  (*See* Pet. ¶¶ 3, 19).

In *Puga*, the Court held that *Hurtado* renders the outcome of any BIA appeal of the detention of an individual such as Petitioner "nearly a foregone conclusion" and therefore relieves a petitioner of exhaustion requirements.  *Puga*, 2025 WL 2938369, at *2.  Respondents supply no reason to depart from *Puga*'s reasoning (*see generally* Resp.; *see also id.* 4 (acknowledging *Puga* "would control the result here")), and the Court therefore finds that Petitioner is not required to challenge his detention before the BIA.

***INA Claim.***  Petitioner asserts that his detention under section 1225(b)(2) is unlawful, as 8 U.S.C. section 1226(a) governs his detention.  (*See* Pet. ¶¶ 54–55).  Respondents maintain Petitioner is subject to mandatory detention under section 1225(b)(2) "because he was present in the United States without being admitted or paroled."  (Resp. 2 (citations omitted)).

As Respondents recognize, courts within this District and the undersigned have rejected the arguments Respondents make here.  (*See id.* 3–4 (collecting cases)).[2]  Respondents do not persuade that the Court's prior conclusion was in error or that the facts of this case merit a different

---

[2] The INA issues presented in these cases are being considered by the Eleventh Circuit, which held oral argument on March 26, 2026.  *See generally Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065 & 25-14075 (11th Cir. 2026).

outcome; instead, Respondents incorporate the arguments made in *Puga* "to preserve the legal issues, to conserve judicial and party resources, and to expedite the Court's consideration of this matter." (*Id.* 1). Consequently, as in *Puga*, the Court concludes that section 1226(a) — not section 1225(b) — governs Petitioner's detention, and that Petitioner is entitled to a bond hearing. *See Puga*, 2025 WL 2938396, at *5.[3]

**Attorney's Fees.** Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). (*See* Pet. 17). Under the EAJA, "[a] party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses." *Melkonyan v. Sullivan*, 501 U.S. 89, 91 (1991) (alteration added; citing 28 U.S.C. § 2412). The statute extends to prevailing parties in civil actions against "any agency or any official of the United States acting in his or her official capacity[.]" 28 U.S.C. § 2412(a)(1) (alteration added); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (habeas proceedings are civil (citation omitted)).

To recover fees under the EAJA, "the prevailing party must submit to the court an application for fees and expenses 'within thirty days of final judgment in the action.'" *Melkonyan*, 501 U.S. at 91 (quoting 28 U.S.C. § 2412(d)(1)(B)). As the Court rules in Petitioner's favor, Petitioner may apply within 30 days of final judgment showing he is a prevailing party, the amount

---

[3] The Court declines to reach the merits of Counts I and II, Petitioner's Fifth Amendment claims, as the Court grants the relief Petitioner seeks in Count III. (*See* Pet. ¶¶ 49–53); *see, e.g.*, *Puga*, 2025 WL 2938396, at *6 (citing *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025)). If Respondents fail to provide Petitioner an individualized bond hearing in compliance with this Order, Petitioner may renew his due process claims. And because Counts I and II are unripe claims contingent on Petitioner not receiving an individualized custody determination hearing under 8 U.S.C. section 1226(a), "the Court must dismiss [them] without prejudice[.]" *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020) (alterations added; citations omitted); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985))).

sought, and that the position of the United States was not substantially justified. *See Fla. Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, No. 05-80339-Civ, 2006 WL 8430907, at *1 (S.D. Fla. May 5, 2006) (citing 28 U.S.C. § 2412(d)(1)(B)); *see also De La Caridad Brito v. Saul*, No. 19-cv-22911, 2020 WL 7248247, at *1 (S.D. Fla. Nov. 9, 2020) ("An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." (quotation marks and citations omitted)).

## IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.      Petitioner, Edwin Pinzon-Galindo's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **GRANTED in part**.  Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. section 1226(a) or otherwise release Petitioner.

2.      Counts I and II are **DISMISSED without prejudice**.

3.      The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 30th day of March, 2026.

_____

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record